## RUSSELL v. MODERNS' RESTAURANT, Inc., et al.

### No. 6395.

United States Court of Appeals for the District of Columbia.

Argued Oct. 14, 1935.

Decided Nov. 11, 1935.

Mabel Benson Sakis and H. L. McCormick, both of Washington, D. C., for plaintiff in error.

Solomon H. Feldman, of Washington, D. C., for defendants in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

MARTIN, Chief Justice.

This is a review in error of a judgment of the municipal court of the District of Columbia, whereby a counsel fee of $75 was granted to a garnishee in an attachment proceeding as "a reasonable counsel fee" under the provisions of section 473 of the D.C. Code; title 24, section 149, D.C. Code of 1929.

It appears from the record that in June, 1934, S. W. Russell brought suit in the municipal court against the Moderns' Restaurant, Inc., upon an overdue account in the sum of $303.06 for goods furnished by plaintiff to defendant. The plaintiff also filed in the case an affidavit for an attachment before judgment, claiming that the defendant corporation was about to dispose of its property with intent to defraud its creditors, of whom plaintiff was one. In the affidavit the plaintiff alleged that he had received written notice from defendant that its assets were to be sold in bulk for cash in conformity with the requirements of the bulk-sales law of the District of Columbia which plaintiff claimed was to be done in pursuance of defendant's plan to defraud its creditors.

In July, following, the Moderns' Restaurant, as defendant, filed a motion in the case praying the court to quash the attachment issued upon the foregoing affidavit of plaintiff. In the motion the defendant averred that it did not dispose of its property with intent to defraud its creditors. The defendant also denied that the plaintiff, S. W. Russell, was a creditor of defendant in any amount. This motion was supported by affidavit of one Gust Charuhas, president of the defendant corporation, wherein affiant alleged that the defendant was not indebted to the plaintiff upon the account sued on, alleging that all of the dealings of defendant, when purchasing the goods charged in the account, were had with S. W. Russell, Inc., a corporation, and not with the plaintiff individually; and that defendant had a good and meritorious defense at law to the action of the plaintiff. Affiant further stated in the affidavit that the defendant company had not disposed of its property, or any part thereof, to defraud its creditors, but had agreed with one Durie and one Hlavitzer to sell its assets to them in bulk as permitted by law, and that a written notice had been sent to S. W. Russell, Inc., on June 18, 1934, in accordance with the

statute relating to such sales in force in the District of Columbia.

It appears from the record that subsequently an affidavit in opposition to the motion to quash was filed in the case by the attorney for the plaintiff, wherein affiant stated that while the attachment as issued and levied in the case was still in force, the plaintiff and the defendant had agreed that the attachment should be released, that the proposed sale in bulk of defendant's assets should be consummated, and that the proceeds of the sale, to wit, $4,220.42, should be deposited with D. Edward Clarke, one of the defendants herein, to be paid by him pro rata upon the debts of the defendant; and that the plaintiff after releasing the attachment upon the goods should have as a substitute therefor an attachment (or garnishment) upon the proceeds of the sale while in the hands of Clarke.

It appears that a sale in bulk of defendant's assets was made under this agreement, and that the proceeds as agreed thereby were deposited with Mr. Clarke, for the purpose of distributing the same among defendant's creditors as aforesaid; and that Clarke subsequently paid over the money to the creditors pro rata, including the claim sued upon by the plaintiff in this case.

Afterwards, Mr. Clarke filed a motion in the case, praying the court to assess his costs against the plaintiff, including a reasonable attorney's fee to him as garnishee, under the provisions of sections 471, 472, and 473, D.C. Code (D.C. Code 1929, T. 24, §§ 147, 148, 149). This motion was sustained by the court and a judgment for $75 was entered in the case against the plaintiff Russell and in favor of Clarke, as garnishee, as a reasonable counsel fee under the statute. The plaintiff duly objected and excepted to this judgment, and the present proceeding in error is brought to review the same.

We are of the opinion that the municipal court erred in entering the foregoing judgment for counsel fees in favor of Clarke as garnishee. The statutes upon which the allowance is based, to wit, sections 471, 472, and 473, supra, read as follows:

"Sec. 471. The said garnishee may have the same benefit of section four hundred and fifty-one aforesaid [section 127 of this title] as the defendant in the action; and if the court shall be of opinion, upon the hearing of the affidavits filed, that the attachment ought not to have issued or to have been levied on the property claimed by said garnishee, the said attachment may be quashed as to the said garnishee and the said levy set aside."

"Sec. 472. If the said levy shall not be so set aside, the said garnishee may plead that he was a bona fide purchaser from the defendant for value without notice of any fraud on the part of said defendant, and such plea shall be held to make an issue, without any further pleading in reply thereto; and said issue may be tried as directed in section four hundred and sixty aforesaid [section 136 of this title]."

"Sec. 473. If said issue is found in favor of the said garnishee, judgment shall be rendered in his favor for his costs and a reasonable counsel fee. If said issue be found against such garnishee, but judgment in the action is rendered in favor of the defendant, the said attachment shall be dissolved, and said garnishee shall recover his costs."

It is provided by these sections that an issue may be made between the attaching creditor and the garnishee as to whether the attachment should have been issued and levied on the property and the writ of garnishment served upon the defendant; and that if the issue be found in favor of the garnishee, judgment shall be entered in his favor for his costs and a reasonable counsel fee.

In the present case, however, there was no finding by the court in favor of the garnishee upon the issue made between him and the plaintiff. The record does not disclose that any finding was ever made against the validity of the attachment or garnishment, or that the same was ever quashed or discharged by the court, but that by agreement between the parties a sale was made of the assets of the defendant, and the proceeds were paid into the hands of a trustee for the purpose of distribution. The court, however, was never called upon to decide whether the garnishment had been properly and lawfully issued or should have been sustained in the absence of such an agreement by the parties. Consequently, we hold that the present case does not fall within the terms of section 473, supra, and that the judg-

ment in favor of the garnishee for a counsel fee should be reversed, and it is so entered.

Reversed, with costs.